**CLARA R. SMIT, ESQ.**
**ATTORNEY AT LAW**
**100 HORIZON BOULEVARD**
**HAMILTON, N.J. 08691**
**(732) 843-6600**
**ATTORNEY FOR THE PLAINTIFF**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------

**JOHANNY ROSSIN,**

        **Plaintiff**

v.

**ATLANTIC WOMEN'S MEDICAL GROUP,**    **CIVIL ACTION #**
**MARGARET LAMBERT WOOLLEY, MD,**

        **COMPLAINT AND JURY DEMAND**

        **Defendants**

---------------------------------------------------------

The plaintiff, JOHANNY ROSSIN, residing at 66 Racquet Road, Township of Wall, and State of New Jersey, by way of Complaint says:

**I**

**JURISDICTION**

Jurisdiction of this court is invoked pursuant to N.J.S.A. 10:-5-1 et. seq, the Americans with Disabilities Act, Title III, 28 USCS Section 12181 et seq and the Rehabilitation Act, 29 USCS Section 794, Section 504 as well as Title V of the ADA, (Retaliation). This suit is authorized and instituted pursuant to the exercise of the police power of the State for the protection of the public safety, health, and morals and to promote the general welfare and fulfillment of the provision to the Constitution of the State of New Jersey and the United States of America guaranteeing civil rights.

## II.
## PARTIES

1. Plaintiff, JOHANNY ROSSIN, resides at 66 Racquet Road, Township of Wall, and State of New Jersey. She is profoundly deaf and communicates primarily through American Sign Language and is substantially limited in the daily activities of hearing. As such she is a qualified individual with a disability under the ADA, Rehabilitation Act and the NJLAD.

2. Defendants, ATLANTIC WOMEN'S MEDICAL GROUP, MARGARET LAMBERT WOOLLEY, MD's office where plaintiff was seen, is located at 240 Wall Street, Township of West Long Branch, County of Monmouth, State of New Jersey.

## III.
## NATURE OF CASE

On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq., establishing the most important civil rights for persons with disabilities in our country's history. This action is brought by plaintiff against the doctor and her medical group that provided medical treatment for plaintiff JOHANNY ROSSIN in their failure to provide reasonable accommodations for plaintiff's disability and for discrimination based on disability. The plaintiff experienced humiliation and discrimination and retaliation in violation of her civil rights through Defendants' policies and practices of discrimination on the basis of disability.

This action claims that defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq., hereafter NJLAD, the ADA, and Section 504 of the Rehabilitation Act as well as Title V of the ADA, (Retaliation). In this action, plaintiff seeks money damages, declaratory relief, attorney's fees and costs and punitive damages.

## IV.

## **FACTUAL ALLEGATIONS**

1. One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities". 42 U.S.C. Section 12181 et seq.

2. The New Jersey Law Against Discrimination specifically prohibits discrimination based upon disability under 10:5-12.

3. Section 504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance".

4. Defendants provide public accommodations within the meaning provided in each of the above laws.

5. As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to plaintiff who has a hearing loss to ensure effective communication. 28 C.F.R. Section 36.303(c).

6. Among these aids include a failure to provide interpreters during the treatment that was provided by defendants to plaintiff JOHANNY ROSSIN which were required for plaintiff and the defendants to effectively communicate. These aids were requested and denied on many occasions by the defendants during the plaintiff's visits to defendant's facility.

7. Plaintiff was ignored, humiliated and treated like a non-person by defendants. Defendants' actions resulted in plaintiff being irretrievably denied the complete understanding of the medical care she received while at the Defendants' office. Instead she experienced anxiety, and fear. Further the plaintiff's care was made more difficult by her inability to communicate with the staff and attending doctor.

9. After plaintiff kept insisting that she required an interpreter to effectively communicate, defendants told Plaintiff that they would not continue to provide medical services to the plaintiff

and she should find another doctor. Defendants retaliated against plaintiff solely due to her disability and her requests for accommodation.

10.  This lack of accommodation for plaintiff's disability is a continuing violation which occurred over several years. Plaintiff, JOHANNY ROSSIN began treatment with a Dr. Patricia Generelli at Atlantic Women's Medical Group in February of 2007 when she was pregnant with her son. When she was seven months pregnant, the doctor who had refused plaintiff's requests for an interpreter insisted that plaintiff obtain her own interpreter as it was very important that they be able to communicate. Plaintiff then was forced to reschedule her appointment when she was seven months pregnant to obtain her own ASL interpreter and her mother-in-law paid for same.

11. Plaintiff then began seeing Dr. Woolley at Atlantic Women's Medical Group from 2008 to 2014. Plaintiff had very limited communication with Dr. Woolley as she has limited ability to communicate in written English, lip reading or speaking. She required a qualified American Sign Language interpreter to effectively communicate with the Dr., but her requests for an interpreter so she and the doctor could effectively communicate, were denied. Finally in 2013, after years of requests, defendants provided an interpreter one time but then refused thereafter and in fact terminated plaintiff as a patient, due to her requests for accommodation for her disability.

12. Plaintiff's next appointment was in August of 2014. When she called to make sure they would be providing an interpreter for same, the Administrator of the office said that there would be no interpreter and they did not want her as a patient. When plaintiff tried to explain that it was the law under the ADA, the administrator said he did not care. Thereafter plaintiff's mother in law Lois Rossin called for an appointment as plaintiff really wanted to go to this practice, she was given an appointment for February of 2015, but she did not mention that an interpreter was necessary. Two weeks before the appointment in February, Lois called defendant's office again and requested an interpreter for plaintiff. The administrator then called back very belligerent and rude and told Lois they did not want plaintiff as a patient due to her requests. When Lois tried to explain this was the law, the administrator hung up.

13. Plaintiff then asked a representative of the State Division of Deaf and Hard of Hearing to try to reach out to defendant to once again explain the law. This representative, Catlin Purrazella, called defendant's office and tried to explain the law and plaintiff's need for a qualified interpreter so she could effectively communicate and was told by defendant that they would not provide an interpreter and that plaintiff needed to find another doctor.

14. Defendants terminated plaintiff as a patient directly because of her disability, her requests for accommodation and their failure to accommodate her disability.

15. Each and all of the above acts, both of omission and commission, were intentional acts of discrimination and each and all were a proximate cause of the damages suffered by plaintiff. Plaintiff will require the services of the defendants' facilities for future medical treatment. Based upon defendant's ongoing pattern of discrimination, plaintiff will once again be denied reasonable accommodation for her disability.

16. Defendant's willful, knowing and intentional discrimination against plaintiff was in violation of N.J.S.A. 10:5-1, et seq., the ADA, the Rehabilitation Act and Title V of the ADA, and caused plaintiff to suffer and continue to suffer mental and physical pain and anguish.

## FIRST COUNT
## VIOLATION OF STATE and FEDERAL STATUTES

1. Plaintiff repeats and realleges all of the allegations set forth in the section entitled "Factual Allegations" as if set forth at length herein.

2. Defendants' conduct is in violation of the N.J.S.A. 10: 5-1, et. seq, the Americans with Disabilities Act, 42 U.S.C. Section 12181 et seq. and the Rehabilitation Act of 1973, 29 U.S.C. Section 794, as well as Title V of the ADA.

**WHEREFORE,** Plaintiff prays that the court grant judgment against the defendants, jointly and severally for the following:

(a) Compensatory damages

(b) Cost of suit to include disbursements and attorneys' fees;

(c) Punitive damages; and

(d) Injunctive Relief on behalf of all similarly situated deaf individuals;

(e) Such other and further relief as this court sees fair and equitable.

### NOTICE OF DESIGNATION OF TRIAL COUNSEL

Clara R. Smit, Esq., is hereby designated as trial counsel in this matter.

### CERTIFICATION

Pursuant to Rule 4:5-1, the matter in controversy is not the subject of any other action pending in any court or Arbitration proceeding and plaintiff does not contemplate any other action or Arbitration proceeding.

### JURY DEMAND

Plaintiff demands trial by jury of 6 persons.

                                              **CLARA R. SMIT, ESQ.**
                                              **Attorney for Plaintiff**
                                                **/s/ Clara R. Smit**
                                              **CLARA R. SMIT, ESQ.**

Dated:   March 2, 2016